RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 1 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| THOMAS HOLT | : | DOCKET NO. 1:11-0721 |
| VS. | : | JUDGE TRIMBLE |
| STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL | : | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

On May 19, 2011, Magistrate Judge Kirk issued a report and recommendation pursuant to a motion for summary judgment filed by defendants. Plaintiff, Thomas Holt opposed defendants' motion for summary judgment and also objects to the Magistrate's report. The issue is now before the undersigned to determine if the report and recommendation should be adopted.

## FACTUAL STATEMENT

Mr. Holt filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 in the Nineteenth Judicial District Court in East Baton Rouge. The suit was then removed to federal court to the Middle District of Louisiana and subsequently transferred to this court in the Western District of Louisiana. The remaining defendants include Milton Alexander, Holt's probation officer, and the State of Louisiana, Department of Public Safety and Corrections.

Holt maintains that his civil rights were violated when his probation officer improperly recommended that his probation be revoked. Holt complains that the motion filed by Alexander to revoke his probation was unreasonably delayed because his probationary period expired in 2003, and the motion for revocation was filed in 2005.

On September 14, 1998, Holt was sentenced to five years hard labor; the sentence was

suspended and he was placed on probation for five years.[1] Because of parole violations, Holt's probation officer at the time, Rhonda Hickey, obtained a warrant for his arrest on February 24, 2000.[2] Holt insists he resided at the same address throughout the probationary period, but was never served. Holt further contends his probationary period expired on September 14, 2003.[3] Probation Officer Alexander filed a motion to revoke Holt's probation on June 29, 2005. At a hearing held on July 6, 2005, Holt admitted he failed to report monthly to his probation officer and pay the supervision fees because he was on drugs the entire time.[4] Holt's probation was revoked and he was sentenced to five year's imprisonment. The Louisiana Supreme Court ordered that Holt's probation be vacated, noting that he was serving a sentence on an unrelated charge at that time.[5] Holt was released from custody on December 23, 2008. Holt has sued the State of Louisiana and Probation Officer Alexander in his official and individual capacity.

The motion for summary judgment which is the subject of the Magistrate's report contends that there is no issue of material fact for trial that the March 8, 2000 warrant issued for Holt's arrest suspended the running of his probation period. Holt submits that the March 8, 2000 arrest warrant did not suspend the running of his probation period, and that his probation period expired on September 15, 2003. Thus, the motion to revoke filed by Alexander was untimely and hence, Holt's revocation was illegal and improper.

The report also found that both the State of Louisiana and Officer Alexander, in their official

---

[1] R. #20. The warrant was issued based on unsworn assertions.

[2] Id.

[3] Id.

[4] R. #16, Exhibit F.

[5] Plaintiff's exhibit D, R. #20-8.

capacity, are entitled to absolute immunity under the Eleventh Amendment and recommends dismissal of Holt's claims against these defendants. Holt objects to this finding, maintaining that the State waived its absolute immunity under the Eleventh Amendment by removing the suit to federal court.

The United States Supreme Court has ruled that a State waives its Eleventh Amendment immunity from suit when it removes a case from state court to federal court.[6] Accordingly, because this case was removed to federal court by the Assistant Attorney General,[7] we cannot accept the recommendation of the Magistrate Judge to dismiss the claims against the State and Alexander in their official capacity based on Eleventh Amendment immunity.

The Magistrate Judge found that "the initial arrest warrant issued for Holt in 2000 did not need to be supported by an affidavit, it was not invalid, and Holt's period of probation was suspended when the arrest warrant was issued in accordance with Louisiana Code of Criminal Procedure article 899(D)."[8] The Magistrate concluded that Alexander did not err in recommending that Holt's probation be revoked.

Further, the Magistrate Judge found that the probation period was suspended when the arrest warrant was issued, not when it was executed citing Louisiana Code of Criminal procedure 899(D). The Magistrate Judge recognized that Holt relied on State v. Langley,[9] for the position that the State had a duty to make diligent attempts to execute an arrest warrant and that it failed to do so. The Magistrate Judge remarked that Holt failed to show how the delayed execution of the warrant was

---

[6] Lapides v. Board of Regents of University System, 535 U.S. 613, 122 S.Ct. 1640 (2002).

[7] R. #1.

[8] R. #31, Report and Recommendation, p. 7.

[9] 711 So.2d 651 (La. 1998).

3

Magistrate Judge remarked that Holt failed to show how the delayed execution of the warrant was relevant to his claim against Alexander, nor did Holt show that he provided his original probation officer with his address and made himself available, or show that he did not conceal himself when his probation officer attempted to contact him. The Magistrate Judge also considered that Holt admitted at the revocation hearing that he failed to report to his probation officer and was on drugs the entire period of his probation. The Magistrate concluded that there was no genuine issue of material fact that Alexander was not responsible for the delay in executing the 2000 warrant, recommending that Holt's action against Alexander in his individual capacity be dismissed.

Holt submits that the State of Louisiana offered no evidence at Holt's probation revocation hearing to show why it failed to execute the warrant within a reasonable time or that its failure to execute the warrant was due to Holt's actions in concealing himself or fleeing the jurisdiction of the court. Holt argues that the record demonstrates that he was not served due to the State's own inaction.

Holt cites cases[10] to support his argument that a warrant must be executed in order for it to suspend the running of the probation period where the issuance and execution could have been accomplished during the probationary period. Holt maintains that the executing of the arrest warrant on June 21, 2005 on an unrelated matter was an unreasonable delay which affected his due process rights. Holt submits that there was no evidence or testimony elicited at the revocation hearing to demonstrate that (1) the State was diligent in attempting to serve the March 8, 2000 warrant, (1) the State had a valid reason for not serving the warrant until five (5) years after it was issued, or (3) that Holt in any way frustrated service of the warrant.

Holt remarks that he was arrested five (5) times in Rapides Parish, the parish where he was

---

[10] State v. Savoy, 429 So.2d 542 (La.App. 3 Cir. 1983) citing State v. Jones, 285 So.2d 231 (La.1973); State v. Martens, 338 So.2d 95 (La.1976).

ordered to remain while on probation, between March 8, 2000 and September 14, 2003, but was not served with the March 8, 2000 arrest warrant until after his probationary period ended. Thus, Holt maintains that the motion to revoke filed by Alexander on June 29, 2005 was untimely because it was filed after the probationary period had expired and therefore was illegal and improper.

While the court does not conclude that it was the State's burden at the evidentiary hearing to present evidence as to why it delayed in attempting to serve the warrant, or give a valid reason for not serving the warrant, or how or if Holt frustrated service of the warrant, we do find that it is incumbent upon the State to present summary judgment evidence to support its motion regarding whether or not the delayed execution of the warrant was reasonable in order for this court to determine if Holt's probation was improperly revoked. Accordingly, the court will not adopt the report of the Magistrate Judge and will deny defendants' motion for summary judgment because there is a genuine issue of material fact for trial as to this issue.

## CONCLUSION

Based on the foregoing, the motion for summary judgment (R. #16) will be **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of June, 2011.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE