RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12 / 7 / 11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| THOMAS HOLT | |
| | CIVIL ACTION NO. 11-cv-00721 |
| VERSUS | |
| | JUDGE JAMES T. TRIMBLE, JR. |
| MILTON ALEXANDER, et al. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983 by Thomas Holt ("Holt") on November 25, 2009 in the Louisiana Nineteenth Judicial District court in East Baton Rouge Parish (Doc. 1). The matter was removed to the United States District Court for the Middle District of Louisiana on December 28, 2009 and transferred to this court on January 10, 2011 (Doc. 1 and 26). The defendants in the suit are Milton Alexander ("Alexander"), a Louisiana probation and parole officer, who is sued in his official and individual capacities, and the State of Louisiana Department of Public Safety and Corrections ("Louisiana DOC").

In his complaint, Holt alleges his civil rights were violated when Alexander improperly recommended his probation be revoked in 2005. Holt argues that the warrant for his arrest was invalid as it was not supported by an affidavit; the motion for revocation, the revocation proceedings themselves and incarceration resulting therefrom were illegal and improper as all took place after his probationary period expired on September 15, 2003; and his due process rights were violated because the delay between the issuance

and execution of the warrant was unreasonable. Holt seeks monetary damages, costs and interest.

Alexander and the Louisiana DOC initially filed a motion for summary judgment on April 14, 2010 (Doc. 16). The matter was referred to the undersigned who issued a report and recommendation recommending the motion for summary judgment be granted and Holt's lawsuit be dismissed with prejudice (Doc. 31). Holt filed an objection to the report and recommendation on July 1, 2011 and the district judge issued a memorandum ruling advising that the report and recommendation was not adopted as question of fact remained with respect to whether the delay in executing the warrant was reasonable (Docs. 32 and 33).[1] Accordingly, a judgment denying the motion for summary judgment was issued (Doc. 34).

On September 14, 2011, Alexander and the Louisiana DOC filed a second motion for summary judgment (Doc. 37). In it, they contend the district judge relied on legislatively overruled jurisprudence when stating defendants failed to present summary judgment evidence that the delay in executing the warrant was reasonable. The motion for summary judgment and Holt's opposition thereto (Doc. 40) are currently before the undersigned for report and recommendation.

---

[1] The district judge also correctly denied the recommendation that Louisiana DOC and Alexander, in his official capacity, be dismissed as they were entitled to sovereign immunity. As he noted, the defendants waived their sovereign immunity when they removed the case to federal court.

## Factual Background

On September 14, 1998, Holt was sentenced to five years at hard labor. However, the sentence was suspended and he was placed on probation for five years. On February 24, 2000, probation officer Rhonda Hickey requested and ultimately obtained a warrant for Holt's arrest based on alleged probation violations.[2] Holt contends that despite the fact he resided at the same address until his probation expired on September 14, 2003, he was not served with the warrant.

On June 29, 2005, after learning Holt was arrested on an unrelated matter, Alexander filed a motion to revoke probation. A hearing was held on July 6, 2005. At that hearing, Holt waived his right to counsel and admitted he failed to report monthly to his probation officer, failed to pay more than $20 in fees and that he used drugs the entire time he was on probation. Holt's probation was revoked and he was sentenced to five years imprisonment.

On June 20, 2008, the Louisiana Supreme Court remanded Holt's case to the Ninth Judicial District Court for the purpose of conducting an evidentiary hearing and to determine whether Holt's probation term expired in 2003, and if it did, to vacate the order revoking probation and rendering the underlying 1998 sentence executory and to modify his term of incarceration. State v. Holt, 983 So.2d 1260 (La. 2008). On December 15, 2008, following an

---

[2] The warrant was issued March 8, 2000.

evidentiary hearing, the court set aside and vacated Holt's sentence. Holt was released from custody on December 23, 2008.

## SUMMARY JUDGMENT STANDARD

As the Fifth Circuit Court of Appeals explained in <u>Seacor Holdings, Inc. v. Commonwealth Ins. Co.</u>, 635 F.3d 675, 680 (5th Cir. 2011):

> A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Effective December 1, 2010, Rule 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended rule contains no substantive change to the standard. An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. <u>Anderson v. Liberty Lobby. Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)[W]e consider all evidence in the light most favorable to the party resisting the motion. <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397, 407 (5th Cir.1983).

(Quotations and internal footnote references omitted.)

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the

4

record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F.3d 862 (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Id.

## Law and Analysis

Holt first contends that the warrant for arrest was invalid because it was not supported by an affidavit. In State v. Black, 706 So.2d 423 (La. 1997), the Louisiana Supreme Court issued a decision to "resolve the split in the courts of appeal on the question of whether an affidavit must accompany a rule to revoke probation." Id. at 424. The court recognized "jurisprudence has

5

long established that while probationers facing revocation retain some constitutional and statutory rights, those rights do not in every instance match those enjoyed by non-criminals facing trial." Id. (Citations omitted). Ultimately the court found an affidavit need not accompany a rule to revoke probation, a summons, a detainer or a warrant. Accordingly, the warrant was valid.

Holt also argues that his probationary period expired in 2003 nearly two years prior to the filing of the motion for revocation and revocation proceedings. Louisiana Code of Criminal Procedure Article 899 provides in pertinent part:

> A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer a charge of violation or threatened violation.
>
> . . .
>
> D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detained is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.

Accordingly, the running of Holt's probationary period was suspended when the warrant was issued in 2000. However, the validity of the warrant and the suspension of the probationary period are called into question when the delay between issuing and executing the warrant is unreasonable.

In State v. Langley, 711 So.2d 651 (1998), the court noted "the time between the issuance and execution of a parole violation

warrant is but one factor in determining its continuing validity." Id. at 669, (citation omitted). The following four facts should also be examined before determining whether the delay was reasonable or not: (1) the state's diligence in attempting to serve the warrant; (2) the reason for the delay in serving the warrant; (3) the conduct of the parolee in frustrating service; and (4) actual prejudice suffered by the parolee as a result of the delay. Id. (citations omitted).

When analyzing the aforementioned facts, it is evident that genuine issues of fact remain. For example, while Holt claims he resided at the same address throughout his probation, Alexander states in his sworn affidavit that Holt was not at the residence listed with their office when service of the warrant was attempted. Additionally, the record lacks evidence regarding what efforts were undertaken to locate Holt and serve the warrant are found in the record. It is only stated by Alexander and argued by counsel that defendants followed protocol. Finally, there are questions regarding the state court's decision to vacate Holt's revocation. Did the judge find the probationary period ended in 2003? If so, how does that ruling comport with Article 899? If not, what led to the decision to vacate the revocation. As genuine issues of fact remain, summary judgment should not be granted.

Additionally, because Holt has established an alleged violation of his due process rights and because questions remain

7

regarding whether Alexander's conduct was objectively reasonable in light of the clearly established law at the time of the revocation proceedings, Alexander is not entitled to qualified immunity.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 37) be DENIED.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 6th day of December, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE